# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CREATIVE PHOTOGRAPHERS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| JOHN WILEY & SONS, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

The plaintiff Creative Photographers, Inc. ("Plaintiff"), by its undersigned attorney, for its complaint against the defendant John Wiley & Sons, Inc. ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of egregiously willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501.

2. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

3. Plaintiff is a New York corporation with a business address at 22 West 23rd Street, 3rd Floor, New York, New York, 10010.

4. Defendant is a domestic New York corporation with its headquarters located at 111 River Street, Hoboken New Jersey, 07030.

### JURISDICTION AND VENUE

5. This is a civil action for copyright infringement under the copyright laws of the

United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

6.    Personal jurisdiction over Defendant is proper.  Defendant is at home in this judicial district and committing torts in this state, including without limitation copyright infringement which causes harm in this state and judicial district.

7.    Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Plaintiff's Business**

8.    Plaintiff is an exclusive independent "boutique style" agency which serves photographers and artists by licensing their images in both traditional and new media platforms for a variety of uses, including editorial uses.  In short, Plaintiff takes care of the business of monetizing the works of its photographers so that the photographers can take care of the business of creating award winning works.

9.    One of Plaintiff's celebrated photographers is Michael Muller.  Mr. Muller is a leading entertainment and fashion photographer. His celebrity portraits of Gwyneth Paltrow, Scarlett Johansson and numerous others have been featured in the pages and covers of magazines like *Rolling Stone*, *Harper's Bazaar*, *Vanity Fair*, *Elle*, *Esquire*, and the *New York Times Magazine*.  Having established himself his work with Hollywood celebrities and blockbuster movie campaigns, Muller has more recently turned his lens to the predators of the ocean.  His underwater photos are renowned for their dramatic lighting and close-up shots, often capturing sharks in a unique way that highlights their beauty and power.

10.    Muller is the creator of five photographic images at issue in this case, copies of

which are depicted here:











11.    The five images depicted above are each original works of authorship.

12.    Muller has obtained a certificate of registration from the United States Copyright Office for first four images depicted in paragraph 10, Registration No. VA 2-370-820, hereinafter referred to as the "Copyrighted Works."

13.    Plaintiff is the exclusive licensee of the copyrights in and to the Copyrighted Works and is responsible for the administration, licensing, publication and enforcement of all the copyrights in and to the Copyrighted Works.  As such, Plaintiff is and has been at all relevant times the beneficial owner of the copyrights in and to the Copyrighted Works.

**B.    Defendant's Unlawful Activities**

14.    Upon information and belief, Defendant is a multibillion-dollar corporation that publishes print and electronic material, including the wildly successful *For Dummy* series.

Defendant's *For Dummy* series has purportedly generated $2 billion in sales.

15.    Plaintiff has discovered Defendant infringing its exclusive copyrights in the Copyrighted Works.  Specifically, Plaintiff discovered substantially similar copies of the Copyrighted Works being reproduced, distributed, used for the creation of derivative works and publicly displayed in Defendant's *Oceans for Dummies* publications as depicted here:





16.     Upon information and belief, Defendant, or someone acting on Defendant's behalf, needed images of sharks and found the Copyrighted Works on Mr. Muller's website, where, without authorization from Plaintiff, Defendant, or someone acting on its behalf, downloaded the Copyrighted Works to Defendant's computer systems and then uploaded the Copyrighted Works to Defendant's infringing website, thus unlawfully reproducing, creating derivative works, and distributing the Copyrighted Works, where the Copyrighted Works were then publicly displayed without Plaintiff's permission.

17.     In addition to using the Copyrighted Works to illustrate sharks in the printed book *Oceans for Dummies*, thereby reproducing, distributing, and publicly displaying the

Copyrighted Works, or copies substantially similar to the Copyrighted Works, Defendant also uses the Copyrighted Works to promote and sell *Ocean for Dummies* at its website www.dummies.com.

18.    Exact copies of the Copyrighted Works were reproduced and stored on Defendant's server at the following URLs:

- https://www.dummies.com/wp-content/uploads/oceans-hammerhead-school.jpg

- https://www.dummies.com/wp-content/uploads/oceans-great-white.jpg

- https://www.dummies.com/wp-content/uploads/oceans-mako-shark.jpg

- https://www.dummies.com/wp-content/uploads/oceans-bull-shark.jpg

19.    Defendant promotes for sale its *Oceans for Dummies* book at www.dummies.com at the following URL owned and operated by Defendant:

- https://www.dummies.com/article/academics-the-arts/science/environmental-science/elasmobranchii-sharks-skates-and-rays-284296/

20.    When potential customers visit the above URL, the Copyrighted Works are reproduced from the copies stored on Defendant's server and distributed to the browsers of those potential customers throughout the United States where the Copyrighted Works are publicly displayed.

21.    Defendant is thus responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Works.

22.    The reproduction, distribution, derivation and public display by Defendant of Plaintiff's Copyrighted Works is without Plaintiff's authorization.

23.    Defendant's unauthorized reproduction, distribution, derivation and public

7

display of Plaintiff's Copyrighted Works are willful because such acts are in reckless disregard of Plaintiff's rights.

24.    Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful because Defendants are in the publishing industry, are familiar with copyright law and the need to seek a license for the use of the Copyrighted Works, knew they did not have permission to use Plaintiff's Copyrighted Works and deliberately did so anyway.

25.    Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful or in reckless disregard of Plaintiff's copyrights because Defendants were willfully blind to the risk of infringement by using the Copyrighted Works on the Infringing Website for commercial purposes without obtaining authorization for the use of the Copyrighted Work.

26.    The willfulness of Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works is further evident because this is not the first time Defendant has been sued for copyright infringement; indeed, Defendant has been sued dozens of times for copyright infringement.

27.    The willfulness of Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works is further evident because Plaintiff caused a cease and desist letter to be sent to Dierdre Silver, Esq., the General Counsel for Defendant on October 2, 2024 and the infringement has continued to this day.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

28.    Plaintiff realleges the paragraphs above and incorporates them by reference

as if fully set forth herein.

29.     The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

30.     Plaintiff owns sufficient rights, title and interest in and to the copyrights in the Copyrighted Works to bring suit.

31.     As a result of Plaintiff's public display of the Copyrighted Works, Defendant had access to the Copyrighted Works prior to its reproduction, distribution, derivation and public display of the Copyrighted Works.

32.     Defendant reproduced, distributed, created derivative works of and publicly displayed the Copyrighted Works in numerous copies distributed and sold by Defendant.

33.      The reproduction, distribution, derivation and public display of the Copyrighted Works by Defendant is without Plaintiff's authorization.

34.     By its actions, as alleged above, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, creating derivative works of and publicly displaying the Copyrighted Works at its websites.

35.     Upon information and belief, Defendant's infringement of Plaintiff's copyright is willful and deliberate, and it has profited at the expense of Plaintiff.

36.     By using the Copyrighted Works at Defendant's websites, Defendant's sales of print copies of *Oceans for Dummies* are caused by the digital infringement of the Copyrighted Works at Defendant's website.

37.     As a direct and proximate result of Defendant's infringement of Plaintiff's

copyright and exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover its actual damages resulting from Defendant's use of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

38.     At Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

39.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendants have infringed Plaintiff's copyrights under the Copyright Act;

2.     A declaration that such infringement is willful;

3.     An accounting of all revenue earned by Defendants during the period in which they reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of the Copyrighted Works;

4.     Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from its acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.     Awarding Plaintiff such exemplary and punitive damages as the Court finds

appropriate to deter any future infringement;

6.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.      Permanently enjoining Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Works or to participate or assist in any such activity; and

9.      For such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: December 19, 2024

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036-742
Telephone: (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*
*Creative Photographers, Inc.*

11